IN THE UNITED STATES DISTRICT COURT
FORT THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRED M. STURDEVANT, | CASE NO. |
| Plaintiff, | |
| vs. | |
| CUPERTINO ELECTRIC, INC., | **COMPLAINT WITH JURY DEMAND** |
| Defendant. | |

Plaintiff Fred M. Sturdevant states the following for his Complaint against Defendant Cupertino Electric, Inc.:

## INTRODUCTION

1.    This is an action against Cupertino Electric, Inc. for discriminating against Sturdevant in violation of the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act ("ADAAA), and the Iowa Civil Rights Act, Iowa Code Ch. 216 ("ICRA").

## PROCEDURAL REQUIREMENTS

2.    On May 12, 2014, within 300 days of his termination, Sturdevant filed a complaint with the Iowa Civil Rights Commission alleging he was discriminated against because of his disability.

3.    Plaintiff received an Administrative Release/Letter of Right-to-Sue from the Iowa Civil Rights Commission on November 20, 2014, less than 90 days prior to filing this lawsuit.

4.     On November 14, 2014, Sturdevant requested an Administrative Release/Letter of Right-to-Sue from the Equal Employment Opportunity Commission, which is forthcoming from the agency.

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331.

6.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices described herein were committed within the State of Iowa in Polk County.

## PARTIES

7.     Plaintiff Sturdevant is a resident of the city of Clive, Dallas County, Iowa.

8.     Cupertino Electric is a Delaware corporation, doing business in Polk County, Iowa, with its home office in San Jose, California.

## FACTUAL BACKGROUND

9.     Plaintiff incorporates paragraphs 1 through 8 above as though fully alleged herein.

10.     Sturdevant, a journeyman electrician, is a member of the International Brotherhood of Electrical Workers (IBEW) Local 347.

11.     On April 23, 2014, Cupertino Electric placed a call with IBEW Local 347 for twenty journeyman electricians at Facebook's Altoona, Iowa Data Center.

12.     Sturdevant applied for and was offered one of the journeyman electrician positions at the Altoona Data Center.

13.     Sturdevant worked as a journeyman electrician on April 23 and 24, 2014, pulling 4/0 wire.

2

14.     Sturdevant performed the job at the Altoona Data Center without any problems or complaints.

15.     On April 24, 2014, Cupertino Electric terminated Sturdevant's employment, allegedly due to a reduction in force.

16.     Under IBEW Local 347's agreement, if a termination is the result of a reduction in force, reverse order layoff is to be utilized.

17.     Cupertino Electric did not adhere to reverse order layoff in terminating Sturdevant's employment on April 24, 2014.

18.     Scott Conner, the General Foreman at the Altoona Data Center jobsite, informed Sturdevant of his termination, but gave Sturdevant no reason for his termination.

19.     After he was informed by Conner of his termination, Sturdevant spoke with his union steward Bronson Weese.

20.     Weese found out that the Altoona Data Center jobsite superintendent Tyson Wagner made the decision to terminate Sturdevant's employment.

21.     Wagner terminated Sturdevant's employment because they just "didn't need [Fred] around in his condition."

22.     Sturdevant is disabled, as he has Parkinson's disease.

23.     Because he has Parkinson's disease, Sturdevant exhibits mild shaking, though he is under no medical restrictions from any health care practitioner.

24.     Sturdevant's disability did not prohibit him from performing the journeyman electrician position at the Altoona Data Center.

## CAUSE OF ACTION

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT
### DISABILITY DISCRIMINATION

25.     Plaintiff incorporates paragraphs 1 through 24 above as though fully alleged herein.

26.     Plaintiff is disabled within the meaning of the ADA and ADAAA.

27.     In addition to or in the alternative, Defendant perceived or regarded Sturdevant as suffering from an impairment that substantially limits one or more of his major life activities, or as having a disability under the ADA and ADAAA.

28.     At all material times hereto, Sturdevant was qualified for the position of journeyman electrician with Cupertino Electric at the Altoona Data Center and would have been able to satisfactorily perform the essential functions of that position.

29.     Defendant discriminated against Sturdevant when it terminated his employment on April 24, 2014 in violation of the ADA and ADAAA.

30.     Defendant's conduct was wanton and/or malicious and/or undertaken with disregard for Sturdevant's federally protected rights.

31.     As a proximate result of Defendant's conduct, Sturdevant has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity, and Sturdevant requests relief as set forth below.

## COUNT II
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT "ICRA"
## IOWA CODE CHAPTER 216
## DISABILITY DISCRIMINATION

32.     Plaintiff incorporates paragraphs 1 through 31 above as though fully alleged herein.

33.     Plaintiff is disabled within the meaning of the ICRA.

34.     In addition to or in the alternative, Defendant perceived or regarded Sturdevant as suffering from an impairment that substantially limits one or more of his major life activities, or as having a disability under the ICRA.

35.     At all material times hereto, Sturdevant was qualified for the position of journeyman electrician with Cupertino Electric at the Altoona Data Center and would have been able to satisfactorily perform the essential functions of that position.

36.     Defendant discriminated against Sturdevant when it terminated his employment on April 24, 2014 in violation of the ICRA.

37.     As a proximate result of Defendant's conduct, Sturdevant has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity, and Sturdevant requests relief as set forth below.

## **RELIEF**

**WHEREFORE,** Plaintiff Sturdevant requests judgment be entered in his favor and against Defendant and the Court order the following specific relief:

**Count I:**

A.      Declare Defendant's conduct, as complained about herein, was in violation of Plaintiff's rights as secured by the ADA and ADAAA;

B.   Award Plaintiff compensatory damages to the full extent of the law;

C.   Make Plaintiff whole by providing him appropriate lost earnings and benefits with interest;

D.   Reinstate Plaintiff to his former position or award front pay in lieu of reinstatement;

E.   Award punitive damages to Plaintiff and against Defendant in an amount sufficient to punish the Defendant for its conduct and to deter Defendant and others similarly situated from engaging in similar willful and/or wanton unlawful conduct in the future

F.   Award Plaintiff an amount sufficient to fully reimburse him for the reasonable attorney fees, expenses, and costs he has incurred and will continue to incur prosecuting his claims; and

G.   Award such other additional and further relief as the Court deems proper.

**Count II**:

A.   Declare Defendant's conduct, as complained about herein, was in violation of Plaintiff's rights as secured by the ICRA;

B.   Award Plaintiff compensatory damages to the full extent of the law;

C.   Make Plaintiff whole by providing him appropriate lost earnings and benefits with interest;

D.   Reinstate Plaintiff to his former position or award front pay in lieu of reinstatement;

E.   Award Plaintiff an amount sufficient to fully reimburse him for the reasonable attorney fees, expenses, and costs he has incurred and will continue to incur prosecuting his claims; and

F.   Award such other additional and further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues herein.

Respectfully submitted,

Thomas W. Foley                              AT0002589
Katie Ervin Carlson                          AT0008958
Babich Goldman, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa 50309
Telephone: (515) 244-4300
Facsimile: (515) 244-2650
tfoley@babichgoldman.com
kcarlson@babichgoldman.com

ATTORNEYS FOR PLAINTIFF

Original filed.